**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kevin Eugene TRYON, Defendant—Appellant.**

No. 02–50091.

D.C. No. CR–99–00807–K.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Dec. 16, 2002.

Before PREGERSON, THOMPSON and WARDLAW, Circuit Judges.

## MEMORANDUM *

Kevin Eugene Tryon appeals the district court's revocation of his supervised release on a 1999 conviction for importing marijuana in violation of 21 U.S.C. §§ 952 and 960. The revocation was based on conduct underlying his 2001 conviction under California Health and Safety Code section 11360(a) for (transportation of a controlled substance). The Summary also noted that Tryon had "once again become involved in the smuggling of marijuana" and that "[i]t is hoped that a significant custodial sentence will help Mr. Tryon to understand that ... *distributing drugs* will not be tolerated." (emphasis added). The Summary also described clearly the incident underlying the state court charges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The United States Probation office also sent Tryon a letter nearly two weeks before his January hearing that stated in no uncertain terms that Tryon's conduct, not his conviction, would be the basis of an intent to distribute charge. In light of the Summary and the January 17th letter, Tryon had sufficient notice that he would have to defend against a charge that his conduct constituted the Grade A violation of possession of marijuana with intent to distribute. *See United States v. Sesma–Hernandez,* 219 F.3d 859, 860 (2000) (holding that defendant had sufficient notice and "could hardly have been puzzled about what he had to defend against" when the petition to revoke included the title of the charge, referred to the state court complaint, and described the facts constituting the violation), *aff'd en banc,* 253 F.3d 403 (9th Cir.2001).

AFFIRMED.